UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. JACQUES,

Plaintiff,

v.

D. BAKER, *et al.*,

Defendants.

Case No.  2:25-cv-0830-TLN-JDP (P)

ORDER; FINDINGS AND
RECOMMENDATIONS

Plaintiff, a state prisoner, brought this section 1983 action alleging that defendants violated her[1] Eighth Amendment rights.  Defendants have moved to revoke her *in forma pauperis* ("IFP") status and dismiss the case, arguing that she materially and in bad faith misrepresented her income on her IFP application.  ECF No. 19.  Plaintiff has filed an opposition, ECF No. 22, and defendants have filed a reply, ECF No. 26.  After review of the pleadings, I find that plaintiff misrepresented her income in bad faith and recommend that this action be dismissed.

A court may dismiss an IFP case if it determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).  Inaccuracy in an IFP application is not, standing alone, sufficient to justify dismissal of a lawsuit.  Rather, the application must have been created in bad faith.  *See*

---

[1] Plaintiff use "she/her" pronouns.  ECF No. 1 at 6.

1

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015).  If the court declines to find bad faith but does find that plaintiff's allegation of poverty was untrue, a lesser sanction may be appropriate, such as a revocation of IFP status.  *See Witkin v. Lee*, 2020 U.S. Dist. LEXIS 86104, at * 7 (E.D. Cal. May 15, 2020).

Plaintiff filed this case on March 13, 2025, ECF No. 1, and moved to proceed *in forma pauperis* at the same time, ECF No. 2.  In her application, she represented that "from March 6, 2024 to March 6, 2025 [she hadn't] received any funds."  *Id.* at 1.  Plaintiff now concedes, however, that she received a six-thousand-dollar settlement on July 5, 2024.  ECF No. 22 at 2.  She argues that her failure to include this windfall on her application was "inadvertent" and an "honest" mistake.  *Id.*  These contentions are not credible.  Six thousand dollars is a substantial settlement for an inmate, and it is difficult to understand how one who received such a hefty sum would forget its existence less than a year later, especially when prompted by a question explicitly asking whether the applicant had received any money in the past twelve months.[2]  An inmate trust account provided by defendants indicates that, after plaintiff received the settlement funds in July 2024, she was spending the funds as late as February 2025.[3]  ECF No. 19-1 at 8-10.  And, as defendants point out, plaintiff is an experienced litigator who cannot reasonably plead ignorance of the IFP application process.  ECF No. 19-2 at 116-20.  "To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation."  *Vann v. Comm'r of the N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d. Cir. 2012).  I find that plaintiff's *in forma pauperis* application was created in bad faith and dismissal of this action is appropriate.  The lesser sanction of simply revoking his IFP status and asking him to the pay filing fee is insufficient.  To hold otherwise invites a kind of "nothing to lose" proposition for dishonest IFP applicants where, if their

---

[2] I also find plaintiff's claim that she does not have regular access to her financial statements unconvincing, as such access was not required to know of and disclose the substantial settlement she received.  As noted, plaintiff had no issue spending the funds once they were received.

[3] I take judicial notice of these inmate trust account records.  *See Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (courts may take judicial notice of administrative records).

dishonesty is ultimately revealed, they are no worse off than any applicant who, being truthful, is determined to be ineligible for IFP status.

Accordingly, it is ORDERED that plaintiff's motion re misrepresentation, ECF No. 16, is DENIED.

Further, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 19, be GRANTED and this action be dismissed for the reasons stated in these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 29, 2026         _____
                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE

3